

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,111-01

## EX PARTE JOHNNY CASTRO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-12-904069-A IN THE 403RD DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam. Alcala, J., filed a concurring opinion.*

## **O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and injury to a child, and he was sentenced to incarceration. He was also charged with and convicted of felony murder. The Third Court of Appeals set aside the felony murder conviction, but it affirmed the convictions for capital murder and injury to a child. *Castro v. State*, No. 03-12-00730-CR (Tex. App.—Austin del. Mar. 13, 2015).

Applicant raises several claims in his habeas application, including claims of ineffective assistance of trial and appellate counsel. He has alleged facts that, if true, might entitle him to relief.

*Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). There is no response from trial or appellate counsel in the record provided to this Court. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial and appellate counsel to respond to Applicant's claims of ineffective assistance by explaining counsels' representation of Applicant, including applicable strategy and tactical decisions. To obtain the responses, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas application. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 28,2018

Do not publish